IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD DARON KENNEDY, # 196984,:

    Plaintiff,             :

vs.                         :   CIVIL ACTION 08-0169-CG-M

JUDGE JOHN R. LOCKETT, et al.,  :

    Defendants.         :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] Plaintiff has litigated in this Court before. His § 1983 actions, *Kennedy v. Union Planters,* CA 00-0358-CB-M (S.D. Ala. Sept. 1, 2000), and *Kennedy v. Albach, et al.,* CA 00-0470-AH-M, were dismissed under 28 U.S.C. § 1915. His habeas action, *Kennedy v. Fornis,* CA 07-0338-CG-M (S.D. Ala. Jan. 16, 2008), was dismissed as time-barred.

In his habeas action he challenged his January 8, 1998, convictions for child abuse and intentional murder on the grounds that he was mentally incompetent at the time of his offenses and at the time of trial. (Doc. 17, Report and Recommendation, at 2). The state record showed that Plaintiff's convictions were affirmed by the Alabama Court of Criminal Appeals on October 20, 1998. (Doc. 17 at 2).

The state record also reflected that his first Rule 32 petition filed on June 30, 2000, was denied and, on appeal, the

I.  Nature of Proceedings.

    A.  Complaint.  (Doc. 1).

    Plaintiff filed a § 1983 Complaint against John R. Lockett,
Judge of the Circuit Court for Mobile County, Alabama; Jo Jo
Schwarzauer, Clerk of the Mobile County Circuit Court; and "John
Doe" Defendants who were protestors.  (Doc. 1 at 5).  In the
Complaint Plaintiff alleges that he filed a Rule 32 petition on
August 6, 2004, and was granted a hearing on it.  According to a
former courthouse employee, the hearing was cancelled because two
people protested the hearing.  The Rule 32 petition was then
dismissed.  Plaintiff was informed of this by a family member who
heard this from the former courthouse employee.  Even though
Plaintiff requested the names of the protestors and the date for
the hearing in his motions and letters sent to Defendant
Schwarzauer, Defendant Schwarzauer failed to provide Plaintiff
with the requested information.

    Plaintiff's specific claim against Defendant Lockett is for
allowing an illegal protest, cancelling the scheduled hearing due
to the protestors, and conspiring against Plaintiff.[2]  Plaintiff

_____

denial was affirmed because the petition was filed untimely.
(Id.).  The Report and Recommendation also noted that he had
filed three subsequent Rule 32 petitions.  (Id.).

    [2]The allegation of a conspiracy occurs only in the original
Complaint.  (Doc. 1).  This singular conspiracy allegation has no
factual support in Plaintiff's Complaint and Amended Complaints.
(Docs. 1, 4 & 17).  Therefore, the Court finds that the

alleges that he became aware of these claims in March, 2007. (Doc. 1 at 5).  In regard to Defendant Schwarzauer, Plaintiff claims that this Defendant failed to disclose information about the protestors and the hearing date, which are allegedly violations of the Freedom of Information Act.[3]  And the "John Doe" Defendants are alleged to have protested Plaintiff's Rule 32 hearing, which they were told that they could do by a former circuit court clerk, but which Plaintiff alleges violates his First and Fourteenth Amendment rights.  For relief, Plaintiff requests reinstatement of the hearing on his Rule 32 petition and due process.  In a subsequent pleading, Plaintiff asks for monetary relief in the amount of $500,000.  (Doc. 11, "Motion for Leave to File Amend[ment]").

The foregoing is the sum of the information in the

conspiracy allegation is vague and conclusory and, as such, is due to be dismissed for failure to state a claim upon which relief can be granted.  *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)*; see Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (in order to state a § 1983 conspiracy claim, a plaintiff must demonstrate that an understanding was reached by defendants to violate his constitutional rights, which is requires a showing of evidence of an agreement between defendants).

[3] The reference to the Freedom of Information Act ("FOIA") occurs only in this instance.  The FOIA is not applicable to this action because no federal agency is involved.  *Blankenship v. Claus,* 149 Fed.Appx. 897 (11th Cir. 2005) (unpublished) (ruling that the FOIA "expressly excludes the authorities of the states"). Thus, the FOIA will not be discussed further.  Any claim based on the FOIA is due to be dismissed as frivolous.

Complaint.  (Doc. 1).  After filing the Complaint, Plaintiff filed assorted documents that contain additional or clarifying information about the Complaint's allegations, as well as repetitive information.  Information pertinent to Plaintiff's claims follows.

In the Complaint Plaintiff is only concerned with the Rule 32 petition filed on August 6, 2004.  Then, his subsequent Amended Complaints expanded this action's subject matter to include matters related to his Rule 32 petitions filed on January 2, 2006, and July 9, 2008.  (Doc. 4, Motion for Leave to Amend Complaint Under Rule 15(c), Fed.R.Civ.P.; Doc. 17, Motion to Amend § 1983 Complaint and the Record).  Other relevant information was found in some of Plaintiff's other filings. (Doc. 13, Motion for Service to the Defendants; Doc. 15, Motion for Default or, Alternatively Summary Judgment; Doc. 16, Motion Requesting Injunction).[4]

    B.  <u>Motion for Leave to Amend Complaint Under Rule 15(c), Fed.R.Civ.P.</u>  (Doc. 4)

The Motion for Leave to Amend Complaint Under Rule 15(c),

_____

[4]In pleading the Complaint and Amended Complaints (Docs. 1, 4 &17), Plaintiff did not follow the complaint form's directives that he should not include in his Complaint and Amended Complaints "legal arguments, case law or statutory citations" and that he is only "required to provide facts."  (Doc. 1 at 2 (E)). Furthermore, an argument that is raised in several pleadings will only be described one time and will not necessarily be repeated each time Plaintiff mentions it.

4

Fed.R.Civ.P. was granted as a matter of right because Defendants have not been served.  (Doc. 5).  However, this Amended Complaint (Doc. 4) is subject to screening under 28 U.S.C. § 1915(e)(2)(B).

In the Amended Complaint, Plaintiff asserts that his Rule 32 petitions filed August 6, 2004, and January 2, 2006, contained a claim regarding his competency to stand trial.  (Doc. 4 at 2). Plaintiff's claims were found by Defendant Lockett to be time-barred and non-jurisdictional.  (*Id.*).  These petitions were dismissed by Defendant Lockett, who allegedly "us[ed an] unreasonable application of 'clearly established' Supreme Court law, or law 'contrary to' Supreme Court case law[.]" (*Id.*). Plaintiff claims the decisions were a denial of due process, of the right to be heard in court, and of equal protection.  (*Id.* at 3).

C.  <u>Motion for Service to the Defendants</u>.  (Doc. 13)

In Plaintiff's Motion for Service to the Defendants, he asserts that Defendant Lockett lacked jurisdiction over him at trial because no decision was made regarding his competency to stand trial even after a mandatory psychiatric exam had been conducted and in the face of documents reflecting that previously he had been involuntarily committed to a state mental hospital in

Mississippi.  (*Id.* at 2; Doc. 15 at 14 - 17 (Orders)).[5]  Another
asserted basis for Defendant Lockett's lack of jurisdiction was
Plaintiff was not present at his arraignment and no waiver of
arraignment exists in the file.  (Doc. 13 at 2).  Plaintiff
argues that Defendant Lockett's rulings used an unreasonable
legal standard and took his claims out of context.  (*Id.* at 6).
Then, he asserts that a judge's immunity is lost "when a judge
knows that he lacks jurisdiction or in the face of clearly valid
statutes or case law expressly depriving him of jurisdiction[.]"
(*Id.* at 6).

    D.  <u>Motion for Default or, Alternatively Summary Judgment</u>.

    Then, in Plaintiff's Motion for Default or, Alternatively
Summary Judgment (Doc. 15), he claims that, in his Rule 32
petitions filed on August 6, 2004, and January 2, 2006, the trial
court had no jurisdiction because it lacked authority to conduct
the trial in light of the *res judicata* effect of Plaintiff's
prior involuntary commitments to a state hospital and its
subsequent failure to hold a competency hearing, and because
Plaintiff was not present at his arraignment and he never waived
the arraignment.  (*Id.* at 2).  Plaintiff again alleges a
violation of equal protection rights.  (*Id.* at 5).

---

    [5]A copy of these Orders committing Plaintiff to a mental
hospital in Mississippi are attached to the Motion for Default
or, Alternatively Summary Judgment.  (Doc. 15 at 14 - 17).

Attached to this Motion (Doc. 15) is a sworn affidavit of Plaintiff.  (*Id.* at 7).  In Plaintiff's affidavit he reiterates matters raised in his preceding filings, described above, in addition to informing the Court that he appealed Defendant Lockett's decision to deny him a hearing on his August 6, 2004, petition.  (*Id.* at 8).  His appeal was not successful.  (*Id.*). As a result, Plaintiff filed another Rule 32 petition on January 2, 2006.  (*Id.*).

Another attachment to this Motion is an Order entered by Defendant Lockett on January 3, 2006, containing a history of Plaintiff's convictions and related legal proceedings.  (*Id.* at 10-11).  This history reflects that Plaintiff was convicted of murder and child abuse on January 8, 1998, and on February 3, 1998, he received sentences of life imprisonment and ten years' imprisonment, respectively.  (*Id.*).  His convictions were affirmed by the Alabama Court of Criminal Appeals on October 20, 1998.  (*Id.*).

In this Order dismissing Plaintiff's fourth Rule 32 petition (Doc. 15 at 10-11) on January 3, 2006, Defendant Lockett ruled:

> This is Petitioner's fourth Rule 32 petition.  His first petition was denied by this court on November 3, 2000.  Petitioner appealed that denial, but his appeal was dismissed by the Alabama Court of Criminal Appeals on January 26, 2001, as being untimely filed.  Petitioner's second petition was denied by this court on June 19, 2003.

Petitioner appealed that denial to the
Alabama Court of Criminal Appeals which
affirmed that denial on November 13, 2003.
*Petitioner's third petition was denied on
October 13, 2004.  Petitioner appealed that
denial and the Alabama Court of Criminal
Appeals affirmed that denial on July 14,
2005.*[6]

### PETITIONER'S CLAIM FOR RELIEF

In this petition, Petitioner claims that
the court was without jurisdiction to render
judgment or to impose sentence because he was
"legally adjudicated incompetent by the court
orders at the time of the offense and at the
time of his jury trial."

This is Petitioner's fourth petition.
Thus, Petitioner's claim for relief is
successive and therefore barred.  Rule
32.2(b).  Petitioner filed this petition
outside the limitations period, therefore
this petition is time-barred and precluded.
Rule 32.2.(c).

Petitioner alleged that the court lacked
jurisdiction because he was found incompetent
by a Mississippi Court in 1984.  This claim
is non-jurisdictional and therefore
precluded.  Rule 32.2(a)(3).  Petitioner
previously raised the issue of this
incompetence to stand trial in his third
petition.

Petitioner has failed to state a claim.
Rule 32.7(d).  Petitioner has raised no
issued [sic] of law or fact.  Rule 32.7(d).

(Doc. 15 at 10-11) (emphasis added).

---

[6]The Court deduces that the third rule 32 petition was the
petition filed on August 6, 2004, based on the sequence of the
petitions and the timing of the appeals court's rulings.

Another Order issued by Defendant Lockett was attached to the Motion.  (*Id.* at 12).  In this Order ruling on Plaintiff's third Rule 32 petition on October 13, 2004, Defendant Lockett held Plaintiff's claim alleging a flawed indictment was without merit and summarily dismissed the petition, without a hearing, as being successive and time-barred.  (*Id.*).

E. <u>Motion Requesting Injunction</u>. (Doc. 16)

Subsequently, Plaintiff filed a Motion Requesting Injunction, in which he informs this Court that he filed another Rule 32 petition on July 9, 2008, which was dismissed with prejudice on August 19, 2008, by Defendant Lockett without a ruling on the merits.  (*Id.* at 1).  In this petition Plaintiff asserted some of the same jurisdictional grounds contained in his petitions filed August 6, 2004, and January 2, 2006, in addition to stating there were new jurisdictional grounds, which he did not identify.  (*Id.*).

F. <u>Motion to Amend § 1983 Complaint and Record</u>. (Doc. 17)

Next, Plaintiff filed a Motion to Amend § 1983 Complaint and the Record, in which he amends this action, as a matter of right (Doc. 20).  Like the First Amended Complaint (Doc. 4), this Second Amended Complaint is being screened under 28 U.S. C. § 1915(e)(2)(B).

Plaintiff amends his action to include his recent Rule 32

9

petition filed on July 9, 2008, because "ground one of his
complaint related back to the same Federal Constitutional
violation of the law he complained of in the original complaint
on dismissals of the rule 32s on 8/6/04 and 1/2/06." (*Id.* at 1-
2). He alleges that Defendant Lockett dismissed his recent Rule
32 petition without a ruling on the merits, which Defendant
Lockett had previously done on his prior petitions filed August
6, 2004, and January 2, 2006. (*Id.* at 1). Attached to this
Motion is a copy of the Order entered by Judge Lockett on August
19, 2008, stating: "It appearing to the Court Petitioner has
filed his 5th Rule 32 Petition. The Court finds the Petition is
successive and accordingly is hereby DISMISSED with prejudice."
(*Id.* at 8). Plaintiff asserts in this amendment that he filed
his Rule 32 petitions within the statute of limitations. (*Id.* at
5).

II.   <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)</u>.

     Because Plaintiff is proceeding *in forma pauperis*, the Court
is reviewing the Complaint and Amendments (Docs. 1, 4 & 17) under
28 U.S.C. § 1915(e)(2)(B).[7]  Under § 1915(e)(2)(B)(i), a claim

---

     [7]The predecessor to this section is 28 U.S.C. § 1915(d).
Even though Congress made many substantive changes to § 1915(d)
when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the
failure to state a claim analysis contained in *Neitzke v.
Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.
*Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*,
534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4

may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.* Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. That is, the allegations

---

(6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

must be a "'plain statement' possess[ing] enough heft to 'sho[w]

that the pleader is entitled to relief.'" *Id.* at 1966 (second

brackets in original).  "[L]abels and conclusions and a formulaic

recitation of a cause of action's elements" are insufficient for

grounds for entitlement to relief.  *Id.* at 1959.  However, when a

successful affirmative defense, such as a statute of limitations,

appears on the face of a complaint, dismissal for failure to

state a claim is also warranted.  *Jones v. Bock*, 547 U.S. 199,

___, 127 S.Ct. 910, 920-21 (2007).

III.  <u>Discussion</u>

    A.  <u>Defendant Lockett</u>.

    Plaintiff complains about Defendant Lockett's final orders

dismissing his third, fourth, and fifth Rule 32 petitions.  The

bases for the Rule 32 petitions are the alleged errors that

Defendant Lockett made in conducting Plaintiff's criminal trial

in 1998.  Plaintiff brings his action under 42 U.S.C. § 1983

seeking a hearing on his third Rule 32 petition (Doc. 1) and

$500,000 in damages (Doc. 11).

    A federal district court's first consideration is whether

subject matter jurisdiction exists, because the court's

jurisdiction is limited.  *Kokkonen v. Guardian Life Ins. Co.*, 511

U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994) (a federal district

court is authorized by the Constitution or Congress to hear only

12

certain types of actions).   "[A] federal court should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . [and] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted).  "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction,"  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001), "once a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Upon review of the Complaint and Amendments (Docs. 1, 4 & 17), the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against Defendant Lockett based on the *Rooker-Feldman* doctrine.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).  Under the *Rooker-Feldman* doctrine a federal district court lacks subject matter jurisdiction to review a final judgment of a state court.  *Id*. at 482, 103 S.Ct. at 1315. "Review of such judgments may be had only in [the United States

13

Supreme Court]." *Id*.  The *Rooker-Feldman* doctrine not only precludes a federal district court from reviewing federal issues that were raised in state court proceedings but also those federal issues that should have been raised in state court proceedings because they are "inextricably intertwined" with a state court's judgment.  *Id.* at n.16, 103 S.Ct. at n.16.

In the present action, Plaintiff seeks to hold Defendant Lockett liable for his rulings in Plaintiff's Rule 32 cases. Final rulings were made by Defendant Lockett on Plaintiff's third, fourth, and fifth Rule 32 petitions.  Furthermore, based on the Order attached to Plaintiff's Motion for Default or Alternately, Summary Judgment (Doc. 15 at 10-11), Plaintiff was aware of Defendant Lockett's denial of his third Rule 32 petition, filed on August 6, 2004, because he appealed the ruling, and the Alabama Court of Criminal Appeals' affirmed the denial on October 13, 2004.  *See* Doc. 15 at 10-11; *see also* Doc. 15 at 8 (Plaintiff's admits that he unsuccessfully appealed the decision on his third Rule 32 petition).  This is contrary to Plaintiff's assertion in the Complaint that he learned in March, 2007, of the denial of the hearing and the dismissal of his third Rule 32 petition from a family member who was informed by a

14

former courthouse employee.[8]   (Doc. 1 at 5).   Then, Plaintiff's fourth Rule 32 petition, filed on January 2, 2006, appears to have been filed in response to Defendant Lockett's denial of his third Rule 32 petition.   (Doc. 15 at 8 & 10-11 (copy of order on dismissing fourth Rule 32 petition)).   The fourth Rule 32 petition was denied because it was successive and time-barred, among other things.   (*Id.* at 10-11).   Lastly, Plaintiff filed his fifth Rule 32 petition on July 9, 2008, which was dismissed with prejudice on August 19, 2008.   (Doc. 17 at 1-2 & 8 (order)).

Plaintiff's pleadings in this action indicate that Plaintiff was aware, in a timely fashion, of the final Orders of dismissal entered by Defendant Lockett on Plaintiff's third, fourth, and fifth Rule 32 petitions.   These final orders could be appealed to the Alabama Court of Criminal Appeals, as Plaintiff did on his third and fifth Rule 32 petitions, or he could possibly request Defendant Lockett to reconsider a final order.

In a § 1983 action the general rule is that a federal district court does not rule on decisions made by a state court.

---

[8] Plaintiff appears to have contradicted his Complaint's assertion about not learning of his third Rule 32 petition's dismissal until 2007.   That is, he appealed its denial and had the petition's denial affirmed on October 13, 2004.   (Doc. 15 at 10).   "Allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal." *Battle v. Central State Hosp.,* 898 F.2d 126, 130 n.3 (11th Cir.1990).   However, such a determination need not be made by the Court due to the recommended dismissal on other grounds.

*Feldman, supra.* "A § 1983 action in federal district court is
neither an alternative nor a complement to the appeal of a state
trial court decision to a higher state court." *Rolleston v.
Eldridge,* 848 F.2d 163, 165 (11th Cir. 1988). "A litigant may
not escape application of the [*Rooker-Feldman*] doctrine by merely
electing not to appeal an adverse state trial court judgment."
*Powell v. Powell,* 80 F.3d 464, 467 (11th Cir. 1996). Because it
appears that Defendant Lockett entered final Orders in
Plaintiff's third, fourth, and fifth Rule 32 petitions, this
federal district Court lacks subject matter jurisdiction over the
claims against Defendant Lockett.

**B.   Defendant Schwarzauer.**

Plaintiff alleges that on February 20, 2008, Defendant
Schwarzauer failed to send Plaintiff information about the
hearing date and the individuals who protested his case. The
Court begins its analysis of Plaintiff's claim against Defendant
Schwarzauer by identifying the constitutional right that has been
violated. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908,
1913 (1981) (in order to state a § 1983 claim, a plaintiff must
establish: "(1) . . . the conduct complained of was committed by
a person acting under color of state law; and (2) . . . this
conduct deprived a person of rights, privileges, or immunities
secured by the Constitution or laws of the United States"),

*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986).  After considering the allegations causally connected to Defendant Schwarzauer, the claim that is most compatible to the allegations is a claim for a violation of Plaintiff's right of access to the courts.  This claim, however, fails.

A violation of the right of access to the courts requires that a prisoner establish that he has been deprived of "meaningful access to the courts." *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct. 1491, 1495 (1977)).  To do so, a prisoner must establish that he has suffered an actual injury.  *Id.* at 349-51, 116 S.Ct. at 2179-80.  If a prisoner is unable to establish an actual injury, the prisoner lacks standing to bring a claim for the denial of access to the courts.  *Id.*

The actual injury component of an access-to-courts claim requires a prisoner to demonstrate that an official's actions frustrated or impeded his efforts to pursue a nonfrivolous appeal of his conviction, a habeas petition, or civil rights action vindicating a basic constitutional right.  *Bass v. Singletary,* 143 F.3d 1442, 1445 (11th Cir. 1998); *accord Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998)(expanding the type of case that may be considered as the underlying action

17

containing a nonfrivolous claim to include collateral attacks on convictions and sentences); *Jones v. Strong,* 2008 WL 2704758, at *2 (S.D. Ala. July 7, 2008) (Granade, J.) (same).  The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than a hope." *Christopher v. Harbury,* 536 U.S. 403, 416, 122 S.Ct. 2179, 2187 (2002); *cf. Moore v. Plaster,* 266 F.3d 928, 933 (8th Cir. 2001) (requiring that the underlying case be dismissed as nonfrivolous).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.* at 355, 116 S.Ct. at 2182.

In the present action, Plaintiff has not identified his underlying nonfrivolous claim.  However, the claim against Defendant Schwarzauer is found in the Complaint in which Plaintiff was complaining about the handling of and the ruling on his third Rule 32 petition by Defendant Lockett.  (Doc. 1).  Thus, the Court deduces that the underlying action is Plaintiff's third Rule 32 petition.  If this is not correct, the other actions of which the Court is aware are Plaintiff's other Rule 32 petitions and his convictions and sentences, which have not been granted or invalidated, respectively.  So, in the general sense, they are on the same footing as Plaintiff's third Rule 32

petition.

Plaintiff's third Rule 32 petition was dismissed by Defendant Lockett's Order on October 13, 2004, which found the petition to be successive and time-barred. (Doc. 15 at 12). The Order describes Plaintiff's claim as one for a lack of jurisdiction by the trial court because the indictment was flawed and his offenses were consolidated for trial. (*Id.*). Finding this claim to be non-jurisdictional, Defendant Lockett held that it was precluded from review and was summarily dismissed "without an evidentiary hearing for failure to plead a right to relief under Rule 32.3, and for having raised no issue of material fact or law. Rule 32.7(d)." (*Id.*). Assuming that Plaintiff's third Rule 32 petition is his underlying claim, it does not satisfy the nonfrivolous requirement because it was denied by the circuit court, and the Alabama Court of Criminal Appeals affirmed the denial. (Doc. 15 at 8 & 10). Furthermore, Plaintiff's request for information concerning the identity of the protestors and the date of hearing, if obtained, would not change this claim into a nonfrivolous claim as these allegations are too attenuated by themselves to create a viable Rule 32 petition. That is, they are directed to the handling of the third Rule 32 petition, and not to the underlying Rule 32 petition. Therefore, by themselves they do not satisfy one of the grounds for a Rule 32 petition.

19

ALA.R.CRIM.P. 32.1.  Morever, the reality is that one of the
preclusion grounds more than likely would be used to deny the
claim, e.g., the rule against successive petitions and the rule
requiring that the petition be brought within a prescribed time.
ALA.R.CRIM.P. 32.2(b)&(c).  Plaintiff therefore has failed to
establish that he was injured in an underlying, nonfrivolous
action.  *Lewis,* 518 U.S. at 353, 116 S.Ct. at 2180.

Accordingly, the Court finds that Plaintiff has failed to
state an access-to-courts claim against Defendant Schwarzauer
upon which relief can be granted.  Moreover, considering the
nature of his claim, and the time that has elapsed from his
convictions, and his many unsuccessful attempts to invalidate his
convictions, the Court determines that this claim is frivolous as
well.

   **C.   "John Doe" Defendants.**

The "John Doe" Defendants are the unknown protestors of
Plaintiff's third Rule 32 petition.  (Doc. 1 at 5 - 6).  This is
the totality of information from Plaintiff concerning the
identity of the "John Doe" Defendants.  (*Id.*).  Plaintiff
obtained this information from a family member who received the
information from a former courthouse employee.  (*Id.*).

The allegation of "John Doe" Defendants does not at this
time demonstrate sufficient identifying information so they could

20

be served with process.  *Cf. Dean v. Barber,* 951 F.2d 1210, 1215-1216 (11th Cir. 1992) (the "John Doe" Defendant designation is sufficient when other identifying information indicates that only one person occupies a specific position, e.g., the person in charge of the jail).  Furthermore, no allegation is present indicating that "John Doe" Defendants acted under color of state law.  Whereas, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a constitutional right.  *Parratt*, 451 U.S. at 535, 101 S.Ct. at 1913.  In light of the lack of adequate identifying information and state action, the Court finds that the claims against "John Doe" Defendants are due to be dismissed because they are frivolous.

IV.  <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's claims are frivolous.


<u>MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the

district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 10th day of November, 2008.

                    s/BERT W. MILLING, JR.

                    UNITED STATES MAGISTRATE JUDGE